IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

| | |
|---|---|
| WISAM RIZK, | : |
| | : Civ. No. 22-5692 (RMB) |
| Plaintiff. | : |
| | : |
| v. | : |
| | : **MEMORANDUM AND ORDER** |
| ALEJANDRO MAYORKAS, et al., | : |
| | : |
| Defendants. | : |
| | : |

_____

RENÉE MARIE BUMB, United States District Judge

This matter comes before the Court upon Plaintiff Wisam Rizk's motion for *de novo nunc pro tunc* review of citizenship denial request (Docket No. 2), motion for production of documents (Docket No. 8), Defendants' letter request to dismiss motions for improper service (Docket No. 9); and Plaintiff's letter request for an extension of time to serve summons and complaint on the defendants. (Docket No. 11). For the reasons discussed below, the Court will deny Plaintiff's motions without prejudice as premature, and extend time for Plaintiff to properly serve the summons and complaint on Defendants.

I.   BACKGROUND

On September 21, 2022, Plaintiff William Risk, a prisoner incarcerated in the Federal Correctional Facility in Fort Dix, New Jersey, filed a pro se complaint challenging denial of his N-400 Application for Naturalization in this immigration

matter. (Compl., Docket No. 1). Plaintiff paid the filing fee, and the Clerk issued summons to Plaintiff for service of process on the defendants. Along with the complaint, Plaintiff filed a motion for *de novo nunc pro tunc* review of citizenship denial. (Docket No. 2). On October 31, 2022, Petitioner filed an affidavit of service, stating that he served Defendants Attorney General Merrick Garland, Secretary of DHS Alejandro Mayorkas and FBI Chief Eric B. Smith, Cleveland Field Office with the summons and complaint by U.S. mail. (Docket No. 5.) On November 1, 2022, Plaintiff filed a motion for production of documents. (Docket No. 8). Defendants responded to Plaintiff's pending motions by letter on December 5, 2022.[1] (Docket No. 9).

Defendants submit that Plaintiff's motions are premature and subject to dismissal because summons and complaint have not properly been served on Defendants. (*Id.*) According to Defendants, Plaintiff did not serve the United States Attorney's Office for the District of New Jersey, as required under Federal Rule of Civil Procedure 4, nor did he serve the USCIS office where the underlying immigration hearing was held. (*Id.*) Plaintiff replied that 8 C.F.R. § 336.2 does not require him to serve the USCIS Office in Cleveland, and although he did not serve the United States Attorney's Office,[2] the United States Attorney has been made

---

[1] Plaintiff also filed a motion for preliminary injunctive relief. (Docket No. 7.) However, because the motion was unrelated to this case, the Court directed the Clerk to refile the motion in Civil Action No. 22-6538(RMB). (Order, Docket No. 10.)

[2] Plaintiff incorrectly refers to the United States Attorney's Office as the New Jersey District Attorney's Office, and the United States Attorney as the District Attorney.

2

aware of and acknowledged the issues raised. (Docket No. 11.) If the Court requires additional service, Plaintiff seeks an extension of time under Federal Rule of Civil Procedure 4(m).

## II. SERVICE OF PROCESS

### A. Legal Standard

Procedures for judicial review of final determinations on certain applications for naturalization are governed by 8 C.F.R. 336.9, which requires:

> (b) Filing a petition. Under these procedures, an applicant must file a petition for review in the United States District Court having jurisdiction over his or her place of residence, in accordance with Chapter 7 of Title 5, United States Code, within a period of not more than 120 days after the USCIS final determination. The petition for review must be brought against USCIS, and service of the petition for review must be made upon DHS and upon the USCIS office where the hearing was held pursuant to 8 CFR 336.2.

8 C.F.R. § 336.9. Federal Rule of Civil Procedure 4(i)(2) governs how to obtain service of process on United States agencies:

> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Because Rule 4(i)(2) also requires service on the United States, Rule 4(i)(1) applies as well:

> (1) United States. To serve the United States, a party must:

>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**B.     PLAINTIFF DID NOT OBTAIN PROPER SERVICE**

Review of Plaintiff's affidavit of service shows that he did not obtain service on Defendants as required by 8 C.F.R. § 336.9 and Federal Rule of Civil Procedure 4. Based on Plaintiff's pro se status, good cause exists to permit an additional 90 days to serve the summons and complaint under Rule 4(m).  In the meantime, the Court denies Plaintiff's motions as premature, subject to refiling after Defendants have been properly served. *See, e.g.*, *In re Pettaway*, 457 F. App'x. 96, 98 (3d Cir. 2012) (court did not err in denying substantive motions as premature because the defendants had not been served).

IT IS therefore on this **22nd day of December 2022**,

**ORDERED** that Plaintiff's motion for *de novo nunc pro tunc review* of citizenship denial (Docket No. 2) and motion for production of documents (Docket No. 8) are **DENIED** without prejudice as premature; and it is further

**ORDERED** that for good cause pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff shall have 90 days from the date of entry of this Order to serve the summons and complaint upon Defendants.

DATE:  <u>December 22, 2022</u>     <u>s/Renée Marie Bumb</u>
                                    RENÉE MARIE BUMB
                                    United States District Judge